```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MARK DOUG POIENCOT
                                              CIVIL ACTION


VERSUS                                        NO: 06-10793


GLOBALSANTEFE DRILLING                        SECTION: "J"(5)
COMPANY, ET AL.
```

### ORDER AND REASONS

Before the Court is Defendant GlobalSanteFe Drilling Company's **Motion for Summary Judgment (Rec. Doc. 67)** and **Motion in Limine to Exclude the Testimony of Robert E. Borison (Rec. Doc. 69)**. Plaintiff opposes these motions. The motions were set for hearing on July 9, 2008 and are before the Court on briefs without oral argument.

This matter arises out of a claim by the Plaintiff that he was injured on an offshore semi-submersible rig when he fell while climbing down from a bunk bed. Having reviewed the motion for summary judgment, the memoranda of counsel, and applicable law, the Court finds that material fact issues are present which

preclude summary judgment. Therefore, Defendant's Motion for Summary Judgment is denied.

In addition, with regard to Defendant GlobalSanteFe Drilling Company's Motion In Limine to Exclude the Testimony of Robert E. Borison (Rec. Doc. 69), the purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993).  Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.2000).  "*Daubert* requires a binary choice--admit or exclude--and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."  *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is a bench trial, and thus that the objectives of *Daubert*, upon which Defendant's motion is premised, are no longer implicated, the Court finds that the motion in limine to exclude expert testimony should be denied at this time. Furthermore, "[v]igorous cross-examination, presentation of

contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.  Accordingly,

**IT IS ORDERED** that Defendant GlobalSantaFe Drilling Company's **Motion for Summary Judgment (Rec. Doc. 67)** is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant GlobalSantaFe Drilling Company's **Motion In Limine to Exclude the Testimony of Robert E. Borison (Rec. Doc. 69)** is hereby **DENIED.**

New Orleans, Louisiana this the 6th day of August, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE